79 P.3d 719

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Mathew James SCHWARTZ, Defendant–Appellant.**

No. 29359.

Supreme Court of Idaho, Boise, September 2003 Term.

Oct. 29, 2003.

Vernon K. Smith, Boise, for appellant. Vernon K. Smith argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming argued.

EISMANN, Justice.

This is an appeal from an order of the district court holding that because the defendant did not at all times comply with the terms and conditions of his probation in this case, the district court did not have authority to reduce the defendant's charge to a misdemeanor pursuant to Idaho Code § 19-2604(2). We affirm the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

After pleading guilty to a felony offense of driving while under the influence of alcohol, the appellant Mathew Schwartz was sentenced on April 28, 1993. The district court granted Schwartz a withheld judgment and placed him on probation for five years. On March 4, 1994, the State filed a motion to revoke Schwartz's probation on the ground that he had violated five conditions of probation. Schwartz was arrested and brought back into court. On July 14, 1994, he admitted violating his probation by failing to complete a basic alcohol/drug program as ordered by the district court and by absconding from supervision. The district court revoked Schwartz's withheld judgment and sentenced him to the custody of the Idaho Board of Correction for a period of four and one-half years, with a minimum period of confinement of one and one-half years. Pursuant to Idaho Code § 19-2601(4), the district court re-

tained jurisdiction over Schwartz for a period of 180 days. On February 21, 1995, the district court suspended the balance of Schwartz's sentence and again placed him on probation.

Schwartz satisfactorily complied with all of the terms and conditions of this period of probation. On April 6, 2001, after the expiration of his probation, Schwartz moved to amend his judgment to a misdemeanor pursuant to Idaho Code § 19-2604(2). The district court denied the motion upon the ground that because Schwartz had violated the terms of his first period of probation in this case, the court had no authority under Idaho Code § 19-2604(2) to reduce his charge to a misdemeanor. Schwartz then timely appealed.

The Idaho Court of Appeals initially heard this appeal. It held that under Idaho Code § 19-2604(2), only Schwartz's second period of probation was relevant to his motion. Because he had at all times complied with the terms and conditions of his second probation, the district court had the discretionary authority to grant his requested relief. The Court of Appeals vacated the order denying Schwartz's motion and remanded the matter to the district court to reconsider the motion. We then granted the State's petition for review.

## II. ANALYSIS

This case hinges upon the meaning of the phrase "has at all times complied with the terms and conditions of his probation" contained in Idaho Code § 19-2604(2), which provides:

2. If sentence has been imposed but suspended during the first one hundred and eighty (180) days of a sentence to the custody of the state board of correction, and the defendant placed upon probation as provided in subsection 4 of section 19-2601, Idaho Code, upon application of the defendant, the prosecuting attorney, or upon the court's own motion, and upon satisfactory showing that the defendant has at all times complied with the terms and conditions of his probation, the court may amend the judgment of conviction

from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to suspension, and the amended judgment may be deemed to be a misdemeanor conviction.

The issue is whether the phrase "has at all times complied with the terms and conditions of his probation" refers only to the defendant's most recent period of probation or to all periods of probation imposed with respect to the particular criminal charge.

 The interpretation of a statute is a question of law over which we exercise free review. *Gooding County v. Wybenga,* 137 Idaho 201, 46 P.3d 18 (2002). It must begin with the literal words of the statute, *Thomson v. City of Lewiston,* 137 Idaho 473, 50 P.3d 488 (2002); those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *State v. Hart,* 135 Idaho 827, 25 P.3d 850 (2001). If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Hansen v. State Farm Mut. Auto. Ins. Co.,* 112 Idaho 663, 735 P.2d 974 (1987). Unless the result is palpably absurd, we must assume that the legislature means what is clearly stated in the statute. *Miller v. State,* 110 Idaho 298, 715 P.2d 968 (1986). If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial. *Hansen v. State Farm Mut. Auto. Ins. Co.,* 112 Idaho 663, 735 P.2d 974 (1987). A statute is ambiguous where the language is capable of more than one reasonable construction. *Jen–Rath Co., Inc. v. Kit Mfg. Co.,* 137 Idaho 330, 48 P.3d 659 (2002). Ambiguity is not established merely because differing interpretations are presented to the Court. Otherwise, all statutes would be considered ambiguous. *Id.* If the statute is ambiguous, then it must be construed to mean what the legislature intended for it to mean. *Miller v. State,* 110 Idaho 298, 715 P.2d 968 (1986). To determine that intent, we examine not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history. *Lopez v. State, Indus. Special Indem. Fund,* 136 Idaho 174, 30 P.3d 952 (2001); *Adamson v. Blanchard,* 133 Idaho 602, 990 P.2d 1213 (1999).

The statute in this case is clear. The defendant must have "at all times complied with the terms and conditions of his probation." The phrase "at all times" means just that. A defendant who has at any time failed to do what he or she was required to do while on probation in a particular case has not at all times complied with the terms and conditions of his or her probation in that case.

Schwartz argues that the division of the statute into two subsections supports his argument that each period of probation for the offense should be viewed separately. Subsection one of the statute applies only if the defendant is placed on probation pursuant to either a withheld judgment or a suspended sentence.[1] If such defendant has at all times complied with the terms and conditions of probation, the trial court may dismiss the charge. Subsection two of the statute, quoted above, only applies to a defendant who is placed on probation after a period of retained jurisdiction. If such defendant has at all times complied with the terms and conditions of probation, the trial court may reduce the charge to a misdemeanor, but it cannot dismiss the charge as it can under subsection one.

The statute is divided into subsections one and two because of the difference in remedy

---

1. Idaho Code § 19–2604(1) provides as follows:
 1. If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall have the effect of restoring the defendant to his civil rights.

available. Under subsection one, a defendant who is initially granted probation, pursuant to either a withheld judgment or a suspended sentence, can, by at all times complying with the terms and conditions of that probation, earn the right to ask the trial court to have the charge dismissed. Under subsection two, a defendant who is granted probation after a period of retained jurisdiction, however, can earn the right to ask the trial court to reduce the charge to a misdemeanor, but not to have it dismissed. The legislature apparently believed that if the trial court did not initially place the defendant on probation, there must be factors, such as the seriousness of the crime or the defendant's prior record, such that the defendant did not merit the opportunity to have the charge dismissed.

The fallacy of Schwartz's argument is shown by this illustration. Assume three defendants plead guilty, are granted suspended sentences, and are placed on probation. Defendant A did not comply with all terms and conditions of his probation, but the prosecuting attorney decided that his noncompliance was not serious enough to bring probation revocation proceedings. The prosecuting attorney brought probation revocation proceedings against Defendant B, who admitted the probation violations, but the district court decided that the violations were not serious enough to revoke his probation. The prosecuting attorney also brought probation revocation proceedings against Defendant C, and after a hearing the district court decided the probation violations were serious enough to revoke Defendant C's probation and sentence him to prison. The district court retained jurisdiction, however, and eventually placed Defendant C back on probation. After their probation violations, all three defendants then complied with all of the terms and conditions of their respective probations.

Under Schwartz's interpretation of Idaho Code § 19–2604, Defendants A and B, who had relatively minor probation violations, would not be entitled to any relief under the statute because they did not at all times comply with the terms and conditions of their respective probations. *See State v. Hanes,* 137 Idaho 40, 44 P.3d 295 (Ct.App.2002) (an unadjudicated probation violation disqualifies a defendant for relief under Idaho Code § 19–2604). Defendant C, however, who committed more serious probation violations, would be entitled to have his charge reduced to a misdemeanor under subsection two of the statute. Schwartz cannot explain why the legislature would intend such a result.

The statutory requirement, that a defendant has complied "at all times" with the terms and conditions of his probation, means just that. The defendant must have at all times complied with all of the terms and conditions of his probation regarding the charge at issue. In this case, Schwartz did not do so. He was initially granted a withheld judgment and placed on probation, but that probation was revoked because he violated the terms and conditions of his probation. He was then sentenced and placed back on probation after serving a period of retained jurisdiction. Although he complied with the terms and conditions of this second period of probation, in this case he has not at all times complied with the terms and conditions of his probation.

When the district court[2] placed Schwartz back on probation after the period of retained jurisdiction, the district court included in its order reinstating probation a provision stating that if Schwartz at all times complied with the terms and conditions of this probation, the district court may, upon proper showing, reduce Schwartz's charge to a misdemeanor pursuant to Idaho Code § 19–2604(2). That provision did not grant the district court the authority to reduce Schwartz's charge to a misdemeanor, however. *State v. Funk,* 123 Idaho 967, 855 P.2d 52 (1993) (even though the order of probation, imposed after period of retained jurisdiction, stated that defendant could withdraw his plea of guilty and have his case dismissed if he successfully completed probation, the district court did not have the power to grant such relief). The district court correctly held that it lacked the authority under Idaho

---

2. The district judge who placed Schwartz on probation was not the same judge who heard Schwartz's motion to have his charge reduced to a misdemeanor.

Code § 19–2604(2) to grant Schwartz's motion to reduce his charge to a misdemeanor.

### III. CONCLUSION

The order of the district court, denying Schwartz's motion to have his charge reduced to a misdemeanor, is affirmed.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL, and Justice Pro Tem WALTERS concur.