102 P.3d 1115

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael THOMPSON, Defendant–Appellant.**

No. 29783.

Supreme Court of Idaho,
Boise, November 2004 Term.

Nov. 24, 2004.

Robert A. Wallace, Boise, for appellant, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori A. Fleming argued.

EISMANN, Justice.

This is an appeal from the denial of a motion pursuant to Idaho Code § 19–2604(1) to set aside a guilty plea and dismiss the case. The district court denied the motion because the defendant had not at all times complied with terms and conditions of his

probation. We affirm the order of the district court.

## I. FACTS AND PROCEDURAL HISTORY

On October 19, 1995, the defendant-appellant Michael Thompson (Thompson) pled guilty to the felony crime of burglary. On November 22, 1995, the district court granted him a withheld judgment and placed him on probation for three years.

On January 24, 1997, the State filed a motion to revoke Thompson's probation, alleging that he had violated the conditions of his probation by failing to pay restitution as ordered, by failing to report to his supervising officer on the dates and times required, and by failing to submit a truthful, written report each and every month. The district court issued a bench warrant and set bail in the sum of $10,000.

Thompson was arrested on the warrant and appeared in court on February 12, 1997. His probation officer was present and informed the court that after requesting the motion to revoke probation in December 1996, he had regained contact with Thompson and that Thompson was now complying with everything requested by the probation officer. The probation officer asked that Thompson be released on his own recognizance and that the matter be continued. He added that if Thompson continued complying with the terms and conditions of probation, he would request that the probation violation be dismissed. The district court released Thompson on his own recognizance and continued the matter until March 19, 1997. On that date, Thompson appeared back in court, and upon the State's motion the district court dismissed the probation violation proceedings.

On August 25, 1999, Thompson filed a motion pursuant to Idaho Code § 19–2604(1)[1]

---

1. That statute provides as follows:
   If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation, the court may, if convinced by the showing made that

there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant; and this shall apply to the cases in which defendants have been convicted and granted probation by the court

to dismiss this case. The motion was heard on October 25, 1999. The State objected on the ground that the probation violation proceedings commenced in January 1997 indicated that Thompson had not at all times complied with the terms and conditions of his probation. Thompson then vacated the hearing.

On April 29, 2003, Thompson filed an amended motion to set aside his guilty plea and dismiss this action. That motion was heard on June 10, 2003. Thompson called his probation officer as a witness. The probation officer testified that when Thompson was initially placed on probation he did not comply with all terms and conditions of his probation, but after the probation violation was filed Thompson became and remained compliant. Thompson also testified, and he admitted that early in his probation he was delinquent in his restitution payments and for a period of time did not report to his probation officer as directed. The district court denied the motion because Thompson had failed to show that he had at all times complied with the terms and conditions of his probation. Thompson then timely appealed.

## II. ANALYSIS

After completing his period of probation, Thompson asked the district court to set aside his guilty plea and dismiss his case. Idaho Code § 19-2604 permitted the court to do so: (1) "upon satisfactory showing that the defendant has at all times complied with the terms and conditions upon which he was placed on probation" and (2) if the court was convinced that doing so was "compatible with the public interest." The district court agreed that doing so was compatible with the public interest. The issue in this case is whether the district court correctly ruled that Thompson had failed to prove he had at all times complied with the terms and conditions of his probation.

Thompson contends that we should not require strict compliance with the statute. Instead we should construe the phrase "at all times" to mean most of the time, or the phrase "the terms and conditions upon which he was placed on probation" to exclude trivial terms and conditions, or the word "complied" to mean complied to the satisfaction of the judge.

▮▮▮ The interpretation of a statute is a question of law over which we exercise free review. *State v. Schwartz,* 139 Idaho 360, 79 P.3d 719 (2003). It must begin with the literal words of the statute, those words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *Id.* If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. *Id.* Unless the result is palpably absurd, we must assume that the legislature means what is clearly stated in the statute. *Id.* If the statute as written is socially or otherwise unsound, the power to correct it is legislative, not judicial. *Id.*

▮ The statute requires that the defendant must "at all times" have complied with the terms and conditions of his probation. In *State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003), we stated that those words meant just what they said.

> The phrase "at all times" means just that. A defendant who has at any time failed to do what he or she was required to do while on probation in a particular case has not at all times complied with the terms and conditions of his or her probation in that case.

The statute requires that defendant has "complied" with his conditions of probation. It does not state that he must have obeyed to the satisfaction of the sentencing court or substantially complied. Finally, it states that he must have at all times complied with "the terms and conditions upon which he was placed on probation." Compliance with most of the terms, or the major terms, is not sufficient.

Thompson contends that requiring strict compliance "prevents every supervising judge (and his successor) from encouraging promising defendants to become completely

before this law goes into effect, as well as to cases which arise thereafter. The final dismissal of the case as herein provided shall

have the effect of restoring the defendant to his civil rights.

successful and further their rehabilitation." The threat of a probation revocation and a consequential period of incarceration is a strong incentive that a judge may use to encourage successful completion of probation.

The statute is unambiguous on its face. This Court lacks the authority to revise it by reading into it qualifiers that lessen its requirements. Thompson argues that defendants, like himself, who initially do not comply with all of the terms and conditions of probation but later perform well on probation should be given the benefits of Idaho Code § 19–2604. Whether relaxation of the statutory requirements would be good public policy is a matter for the legislature.

Thompson next argues that the dismissal of his probation violation established that he had not failed to comply with the terms and conditions of his probation. The violations were not adjudicated on the merits. The dismissal was not based upon a finding that the State had failed to prove the probation violations. Rather, the probation violation proceedings were dismissed because his renewed compliance indicated to his probation officer and to the prosecuting attorney that there was no need to seek revocation of Thompson's probation at that time.

A probation violation presents two issues: (1) Did the defendant violate the conditions of probation? and (2) What should be the consequences of any violation proven? If a defendant is found to have violated the conditions of probation, the court, in its discretion, can decide to continue the probation, with or without modifying the conditions, or to revoke the probation. The determination of whether a probation violation has been established is separate from the decision of what consequence, if any, to impose for that violation.

In this case, Thompson's probation officer appeared in court at Thompson's arraignment on the probation violation and informed the court that Thompson's renewed compliance indicated that there was no need to pursue the probation violation. The court continued the matter for five weeks, stating that he would at that point dismiss the probation violation if the probation officer said that "things are going fine, I recommend you

go ahead and dismiss this." That is what occurred five weeks later, when the prosecutor relayed to the court the probation officer's recommendation. A determination that Thompson's renewed compliance indicated that there was no need to continue with proceedings to revoke his probation is not a finding that he did not violate his probation. In fact, at the motion hearing held on June 10, 2003, Thompson admitted on cross-examination that he had violated his probation by getting behind in his restitution payments and by not reporting to his probation officer as directed.

■ Finally, Thompson argues that when pleading guilty he did not anticipate that Idaho Code § 19–2604 would be construed strictly and that such construction if applied to him constitutes an *ex post facto* violation. In *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), the United States Supreme Court held that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates like an *ex post facto* law and therefore violates the Due Process Clause of the Fourteenth Amendment. Even assuming that Thompson was aware of Idaho Code § 19–2604 when he pled guilty (an assertion not supported by anything in the record), he has not provided any authority or reasoned argument holding that construing the statute according to the plain, usual, and ordinary meaning of its words is an unforeseeable construction. He has not even contended that the statute is ambiguous. He simply wants us to modify the statute so that it only requires substantial compliance with the terms and conditions of probation. "When a statute is unambiguous, it must be interpreted in accordance with its language." *State v. Wiedmeier*, 121 Idaho 189, 824 P.2d 120 (1992).

### III. CONCLUSION

The order of the district court is affirmed.

Chief Justice SCHROEDER, and Justices TROUT, KIDWELL and BURDICK concur.