IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37065

| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 645 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 16, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NICKEY L. BOSTICK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion to withdraw guilty plea, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Nickey L. Bostick appeals from the district court's order denying his motion to withdraw guilty plea. We affirm.

In August 2001, Bostick pled guilty to burglary. I.C. § 18-1401. Bostick was sentenced to a unified term of four years, with a minimum period of confinement of two years. The district court suspended Bostick's sentence and placed him on probation. In August 2005, a report of probation violation was filed alleging Bostick failed to timely pay his ordered restitution. In response, the district court extended Bostick's probation for one year to allow him more time to make payments on the restitution balance. In August 2006, a second probation violation report was filed for Bostick's alleged failure to timely pay the balance of his ordered restitution. Eventually, Bostick completed probation. In August 2009, Bostick filed a motion to withdraw his guilty plea pursuant to I.C. § 19-2604.

1

Idaho Code Section 19-2604 permits a trial court to set aside a guilty plea and dismiss a case if the defendant satisfactorily demonstrates that he or she has at all times complied with the terms and conditions of probation and if the court is convinced that doing so is compatible with the public interest. The Idaho Supreme Court has concluded:

> The phrase "at all times" means just that. A defendant who has at any time failed to do what he or she was required to do while on probation in a particular case has not at all times complied with the terms and conditions of his or her probation in that case.

*State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003). Thus, it is insufficient for a defendant to demonstrate compliance with probationary terms to the satisfaction of the sentencing court, to demonstrate that he or she substantially complied with those terms, or that he or she complied with the major terms of probation. *See State v. Thompson,* 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004). If a defendant has not complied with the terms of his or her probation at all times, then the trial court lacks the authority to grant relief under Section 19-2604. *See Schwartz,* 139 Idaho at 363-64, 79 P.3d at 721-22.

In this case, Bostick admitted during the hearing on his motion to withdraw his guilty plea that he violated his probation by failing to timely pay restitution. It is clear that Bostick was not in compliance with the terms of his probation at all times. Therefore, the district court's order denying Bostick's motion to withdraw his guilty plea is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

2