**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37351**

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 362 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: February 15, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIELLE RENAI POE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order of the district court granting motion to dismiss, reversed.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for appellant.

William J. Douglas, Post Falls, for respondent.

_____

GRATTON, Chief Judge

The State of Idaho appeals from the district court's order granting Danielle Renai Poe's motion to dismiss her felony methamphetamine conviction pursuant to Idaho Code § 19-2604. We reverse.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Poe was convicted, upon jury verdict, of possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1)(b). The district court granted a withheld judgment (withheld for five years) and placed Poe on supervised probation for three years. Subsequently, Poe admitted to six violations of her probation, namely, consuming alcohol, entering a bar, using methamphetamine, traveling out of state without permission, breaking curfew, and associating with a convicted felon. The district court revoked Poe's withheld judgment and imposed a sentence of four years with two years determinate, suspended the sentence, extended Poe's supervised probation for an additional eighteen months, and released her to a drug treatment

1

program. After completion of the program, the district court converted her probation to unsupervised probation until June 23, 2011.

On November 23, 2009, Poe filed a motion to dismiss her conviction pursuant to I.C. § 19-2604. The State objected. The district court conducted an evidentiary hearing and granted the motion. The State appeals.

## II.

## ANALYSIS

The State contends that the district court lacked authority to dismiss Poe's felony conviction pursuant to I.C. § 19-2604, because she had not, at all times, complied with the terms and conditions of probation. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Idaho Code § 19-2604 provides in relevant part:

> (1) If sentence has been imposed but suspended, or if sentence has been withheld, upon application of the defendant and upon satisfactory showing that the defendant *has at all times complied with the terms and conditions upon which he was placed on probation*, or has successfully completed and graduated from an authorized drug court program or mental health court program and has at all times complied with the terms and conditions of probation during any period of probation that may have been served following such graduation, the court may, if convinced by the showing made that there is no longer cause for continuing the period of probation, and if it be compatible with the public interest, terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant. . . .

(Emphasis added.) The language of the statute is clear and unambiguous and requires the defendant's compliance with the terms and conditions of probation "at all times" in order to be eligible for dismissal of the conviction. It has been clearly held that I.C. § 19-2604, means what it says. "A defendant who has at any time failed to do what he or she was required to do while on probation in a particular case has not at all times complied with the terms and conditions of his or her probation in that case." *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003) (discussing the "at all times" language in I.C. § 19-2604(2)). *See also State v. Thompson*, 140 Idaho 796, 798-799, 102 P.3d 1115, 1117-1118 (2004); *State v. Griffith*, 140 Idaho 616, 617, 97 P.3d 483, 484 (Ct. App. 2004); *State v. Schumacher*, 131 Idaho 484, 487, 959 P.2d 465, 468 (Ct. App. 1998).

There is no question here that Poe violated the terms of her probation. There is also no question that after the withheld judgment was revoked and she was again placed on probation she performed admirably. As noted by the district court, the conviction impedes her ability to serve overseas in her military career and, as with all felony convictions, negatively impacts the defendant socially and economically. However, while these facts may support a determination that, should she be eligible under the statute, dismissal would be compatible with the public interest, they do not change the language of the statute.

The district court went to considerable lengths to bypass the statute. First, the district court noted that, while *Schwartz* is a relatively recent decision, only one of the Justices sitting on that case remains with the Idaho Supreme Court. The district court also extensively referenced a document supported by the current Supreme Court entitled "Legislative Priorities of the Courts," which suggests that the legislature amend I.C. § 19-2604, to allow dismissal upon substantial compliance with probationary terms, rather than compliance "at all times." The district court, thereupon, set forth a host of policy reasons why the "substantial compliance" language should be employed. Contrary to supporting the district court's notion that *Schwartz* may be distinguishable or subject to revision by the Court, the fact that the document is the "Legislative Priorities of the Courts," demonstrates that it is for the legislature, not the courts, to change the statute should it so desire. The Idaho appellate courts have consistently and properly applied the clear language of the statute, even if policy reasons exist supporting a legislative modification.[1]

The district court next suggested that *Schwartz* may be distinguishable because the statute does not apply in this situation. The district court then outlined an alternative interpretation of the statute described as "just as plausible as the interpretation found in *Schwartz*." The district court construed the statute to allow dismissal since Poe had been compliant with the terms of her probation during the time her sentence was suspended, even though she had not been compliant while her sentence was withheld. This construction of the statute is simply untenable. The term "or" as used in the statute clearly references the sentencing status under which the defendant is on probation, not differing time periods of service of probation.

The district court next held that the rule of *stare decisis* dictates following precedent unless it is manifestly wrong. The court found that application of *Schwartz* and the statute

---

[1]     The district court also stated that it was somewhat likely that the legislature would amend the statute in the 2010 Legislative Session, but it did not.

3

involved here may lead to a manifestly wrong result. The district court attempted to limit refusal to apply the statute to "the facts of this case," which it described as: "a drug possession crime in which there has not only been substantial compliance by Poe on probation where not only is the defendant in recovery, but where the [sic] Poe's performance is so highly thought of that the highest ranking member of the Idaho National Guard travelled from Lewiston, Idaho, to provide his testimony to this Court." Again, while Poe is to be applauded and the facts of this case may support a call for amendment of the statute, the district court was not free to disregard the language of the statute to order dismissal. Unless and until the legislature actually amends the statute, the courts of this state must apply the statute as written, and interpreted by the Supreme Court. The district court erred in granting Poe's motion to dismiss.

## III.

## CONCLUSION

The district court was without authority to grant Poe's motion to dismiss her felony conviction under I.C. § 19-2604(1), because Poe had not, at all times, complied with the terms and conditions upon which she was placed on probation. The district court's order granting Poe's motion and dismissing Poe's felony conviction is reversed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

4