IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38864

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 431 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 2, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BEVERLY A. PINARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Benjamin R. Simpson, District Judge.

Order denying motion to reduce or expunge felony conviction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Beverly A. Pinard appeals from the district court's order denying her motion to reduce or expunge her felony conviction. We affirm.

In 2001, Pinard pled guilty to burglary. The district court sentenced Pinard to a unified term of four years, with a minimum period of confinement of two years, but retained jurisdiction. Following successful completion of her rider, the district court suspended the sentence and placed Pinard on probation. A few months later, the district court found that Pinard had violated the terms of her probation, revoked her probation, but again retained jurisdiction. After she successfully completed her rider, the district court suspended the sentence and placed Pinard back on probation. Thereafter, Pinard successfully completed the terms of her probation.

In 2011, Pinard asked the district court to either reduce her felony to a misdemeanor or expunge the conviction. Following a hearing, the district court found that Pinard had not at all

1

times satisfactorily completed the terms and conditions of her probation and denied Pinard's motion. Pinard appeals.

Idaho Code Section 19-2604 permits a trial court to set aside a guilty plea and dismiss a case if the defendant satisfactorily demonstrates that he or she has at all times complied with the terms and conditions of probation and if the court is convinced that doing so is compatible with the public interest. The Idaho Supreme Court has concluded:

> The phrase "at all times" means just that. A defendant who has at any time failed to do what he or she was required to do while on probation in a particular case has not at all times complied with the terms and conditions of his or her probation in that case.

*State v. Schwartz,* 139 Idaho 360, 362, 79 P.3d 719, 721 (2003), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). Thus, it is insufficient for a defendant to demonstrate compliance with probationary terms to the satisfaction of the sentencing court, to demonstrate that he or she substantially complied with those terms, or that he or she complied with the major terms of probation. *See State v. Thompson,* 140 Idaho 796, 798, 102 P.3d 1115, 1117 (2004), *abrogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011). If a defendant has not complied with the terms of his or her probation at all times, then the trial court lacks the authority to grant relief under Section 19-2604. *See Schwartz,* 139 Idaho at 363-64, 79 P.3d at 721-22.

The record indicates that on January 10, 2003, a disposition hearing was held on the allegations Pinard had violated her probation. Pinard admitted to violating the terms of her probation. The district court found that Pinard had been in violation of her probation, retained jurisdiction, and thereafter ordered that probation be reinstated. When a defendant has been adjudicated to be in violation of probation, the adjudication constitutes prima facie evidence of noncompliance. *State v. Hanes,* 137 Idaho 40, 42, 44 P.3d 295, 297 (Ct. App. 2002).

The record in this case establishes that Pinard did not comply with the terms of her probation at all times pursuant to Section 19-2604. Therefore, the district court's order denying Pinard's motion to reduce or expunge her felony conviction is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

2