**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44972**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 20, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN DOUGLAS HANSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction, affirmed; order revoking probation, reversed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Brian Douglas Hanson appeals from his judgment of conviction for possession of methamphetamine and possession of paraphernalia. Hanson also appeals from the district court's order revoking his probation. On appeal, he argues that the district court erred when it denied his mistake of fact jury instruction and that the court erred by revoking his probation based on a failed urinalysis ordered at the outset of probation. For the reasons provided below, we affirm the judgment of conviction and reverse the order revoking probation.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped Hanson for having an active arrest warrant. After verifying the warrant, the officer took Hanson into custody and initiated an inventory of Hanson's vehicle. The inventory uncovered a sunglasses case in the center console. Inside the sunglasses case were

1

small baggies of methamphetamine and a glass pipe.  At the time of his arrest, Hanson denied there was a "methamphetamine pipe" in his vehicle and stated he was unaware of the sunglasses case containing methamphetamine and glass pipe in his vehicle.

The State charged Hanson with possession of methamphetamine, Idaho Code § 37-2732(c)(1), and possession of drug paraphernalia, I.C. § 37-2734A.  Hanson pleaded not guilty, and the case was set for trial.

Hanson's trial counsel requested the district court to instruct the jury pursuant to Idaho Criminal Jury Instruction 1510, which provides:

> For the defendant to be guilty of [name of offense], the state must prove the defendant had a particular intent.  Evidence was offered that at the time of the alleged offense the defendant [was ignorant of] [or] [mistakenly believed] certain facts.  You should consider such evidence in determining whether the defendant had the required intent.
>
> If from all the evidence you have a reasonable doubt whether the defendant had such intent, you must find the defendant not guilty.

The district court denied the request to instruct the jury on I.C.J.I. 1510, explaining:

> The comment to 1510, one five one zero, ignorance of mistake or fact, is set forth right in the defendant's proposed instruction, and I do appreciate that, but in that it says ignorance or mistake of fact is only a defense to a crime having a specific intent as an element.  403, the comment says, "In *State v. Fox*, and I won't read the citation, 'Supreme Court held Idaho Code 37-2732(c) does not set forth any mental state as an element of the crime of possession of a controlled substance.'"  Thus, as the statute does not expressly require any mental element and Idaho Code 18-114 only requires a general intent, we conclude the offense only requires a general intent; that is, the knowledge that one is in possession of the substance.  The Court held that the defendant's lack of knowledge that the substance was illegal was irrelevant, and so I think it's error for me to give 1510, so I'm refusing 1510.

The jury found Hanson guilty of felony possession of methamphetamine and possession of drug paraphernalia.  The district court sentenced Hanson to a unified sentence of five years, with two years determinate, suspended the sentence and placed Hanson on probation for a period of three years for possession of methamphetamine.  The court sentenced Hanson to 180 days for possession of drug paraphernalia, with 175 days suspended, placed Hanson on unsupervised probation for a period of two years, and awarded five days of credit for time served.  The district court also sentenced Hanson to thirty days in jail to be served immediately and ninety days of discretionary jail time.  The sentences were to run concurrent.  One of the terms and conditions the court placed on Hanson's probation was that Hanson be tested for drug use upon reaching the

2

jail. If he tested positive, the court conditioned, then Hanson would be in violation of his probation. Following sentencing, Hanson was immediately transported to the jail and submitted to a urinalysis test the following afternoon. Upon testing positive, the district court found Hanson violated his probation, which resulted in probation revocation.[1] Hanson timely appeals.

## II.

## ANALYSIS

On appeal, Hanson argues he is entitled to a mistake of fact defense instruction pursuant to I.C.J.I. 1510. Alternatively, Hanson argues the district court erred in revoking his probation due to his testing positive immediately following his placement on probation.

### A.    Jury Instruction

Hanson argues the district court erred in denying his proposed instruction because "a reasonable view of the evidence in the case would support the mistake of fact defense theory articulated in the purposed [sic] instruction." Hanson also argues the district court erred when it concluded I.C.J.I. 1510 is limited in its application to specific-intent crimes and is inapplicable in this case because possession of a controlled substance is a general intent crime. The State argues the instructions taken as a whole adequately covered Hanson's proposed mistake of fact instruction.

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016). However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law;

---

[1]    Two weeks after this appeal, the district court reinstated Hanson's probation.

(2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *Weeks*, 160 Idaho at 198, 370 P.3d at 401.

The issue in this case is whether the given jury instructions adequately addressed Hanson's mistake of fact defense. The statutory basis for a defense based upon mistake of fact is I.C. § 18-201, which provides that persons who committed the act or made the omission charged under an ignorance or mistake of fact which disproves any criminal intent are not capable of committing crimes. Although the crime of possession of a controlled substance pursuant to I.C. § 37-2732(c) does not expressly require a mental element, I.C. § 18-114 provides that "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." The Court has explained that the intent required by I.C. § 18-114 is not the intent to commit a crime, but is merely the intent to knowingly perform the prohibited act. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993); *State v. Parish*, 79 Idaho 75, 78, 310 P.2d 1082, 1083 (1957). "[A]s I.C. § 37-2732(c) does not expressly require any mental element and I.C. § 18-114 only requires a general intent, we conclude that the offense only requires a general intent, that is, the knowledge that one is in possession of the substance." *Fox*, 124 Idaho at 926, 866 P.2d at 183. The requisite knowledge of the presence of a controlled substance may be proved by direct evidence or may be inferred from the circumstances. *State v. Armstrong*, 142 Idaho 62, 65, 122 P.3d 321, 324 (Ct. App. 2005).

The State introduced evidence wherein Hanson stated there was no methamphetamine pipe in his car and denied knowledge of the sunglasses case. The district court instructed the jury as follows:

**Instruction No. 12a:**
In order for the defendant to be guilty of Possession of a Controlled Substance (Methamphetamine), the state must prove each of the following:
1. On or about 28th day of May, 2016;
2. in the state of Idaho;
3. the defendant, BRIAN DOUGLAS HANSON, possessed any amount of methamphetamine, and;
4. the defendant knew it was methamphetamine or believed it was a controlled substance.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

**Instruction No. 12b:**
A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it. More

4

than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

**Instruction No. 13a:**
1. On or about 28th day of May, 2016;
2. in the state of Idaho;
3. the defendant, BRIAN DOUGLAS HANSON, possessed drug paraphernalia;
4. with the intent to use a controlled substance.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

**Instruction No. 13b:**
Drug Paraphernalia means all equipment, products and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, injecting, ingesting, inhaling, or otherwise introducing a controlled substance into the human body.

**Instruction No. 14a:**
In every crime or public offense there must exist a union or joint operation of act and intent.

Hanson relies on *State v. Blake*, 133 Idaho 237, 985 P.2d 117 (1999), to support his assertion that an additional instruction was needed to properly instruct the jury regarding the degree of proof required for the knowledge element. At the time *Blake* was decided, to prove the knowledge element of possession of a controlled substance, the State had to show that the "Defendant knew or should have known that the substance possessed was a controlled substance." *Id.* at 241, 985 P.2d at 121. Thus, without additional instructions, the jury was allowed to convict the defendant using a negligence standard. *Id.* Further, the jury could convict the defendant if he knew there was some substance in his car, but truly believed, albeit negligently, that the substance was harmless. *Id.* Idaho Criminal Jury Instruction 403 has since changed to include an intent element, therefore *Blake* is inapplicable. *State v. Heiner*, 163 Idaho 99, 102, 408 P.3d 97, 100 (Ct. App. 2017). Here, the knowledge element required the jury to find that Hanson possessed a controlled substance and knew it was a controlled substance. Thus, the same concern the Court had in *Blake* is not present here because the jury could not have convicted based on a negligence standard.

The State relies on *Heiner* to support its assertion that the instructions provided were adequate. Hanson argues that *Heiner* is distinguishable in two respects. First, that *Heiner* did

5

not discuss a specific-intent crime. Second, that *Heiner* did not evaluate the pattern instruction which Hanson requested. In support, Hanson contends the commentary to I.C.J.I. 1510 "says the pattern instruction should be given when the charged offense is a specific-intent crime." This is incorrect. The comment states: "Ignorance or mistake of fact is only a defense to a crime having a specific intent as an element." Nothing in the comment indicates that this instruction should be given but, rather, the comment clarifies that it is only applicable to specific-intent crimes. Therefore, while it is an appropriate instruction for a specific-intent crime, it is not a required instruction, nor even a recommended instruction.

Hanson also likens I.C.J.I. 1510 to I.C.J.I. 1506. Idaho Criminal Jury Instruction 1506 instructs that the defendant's mental illness is relevant when the State is required to prove a particular intent. The comment to the instruction provides: "If specific intent, state of mind, purpose or motive is an issue, give this instruction and I.C.J.I. 1505." There is no such direction in the commentary of I.C.J.I. 1510. Rather, the commentary to I.C.J.I. 1510 merely indicates that the jury instruction is only proper for specific-intent crimes. Therefore, I.C.J.I. 1510 should be given if the provided instructions do not adequately cover the law; however, contrary to Hanson's argument, the instruction is not mandatory. Hanson's argument that *Heiner* is inapplicable because it did not involve a possession of paraphernalia charge does not necessarily result in an automatic finding of error. The pertinent question is whether the given instructions, taken as a whole, adequately address the subject of the requested instruction.

Taken as a whole, the given jury instructions adequately covered Hanson's proposed mistake of fact instruction. Hanson requested that the court instruct the jury to consider Hanson's statements to the officer that he was unaware of the methamphetamine or the glass pipe in his vehicle when the jury determined whether Hanson had the required intent to possess methamphetamine under I.C. § 37-2732(c) and paraphernalia under I.C. § 37-2734A. As noted above, the required intent under I.C. § 37-2732(c) is the defendant's knowledge that he is in possession of methamphetamine. The required intent under I.C. § 37-2734A is the defendant's knowledge that he is in possession of drug paraphernalia and intends to utilize the paraphernalia to use a controlled substance. The jury was instructed to consider all the evidence presented, which included the State's exhibit of Hanson's statement that he had never before seen the sunglasses case containing the methamphetamine and glass pipe. Hanson's sole defense was that he did not know that the contraband existed. Instruction 12b adequately instructs that a person is

6

in possession if they "know of its presence." In order for the jury to find Hanson guilty, it was necessary for the jury to consider Hanson's statement to the police officer regarding his lack of knowledge to determine whether Hanson knowingly possessed methamphetamine and whether Hanson knowingly possessed drug paraphernalia with the intent to use drugs. Moreover, the jury had to specifically reject Hanson's mistake of fact defense in order to find Hanson guilty beyond a reasonable doubt of each of these elements. As such, the given instructions adequately covered Hanson's proposed mistake of fact instruction, and the district court did not err in declining to give Hanson's proposed mistake of fact instruction.

## B.     Probation Revocation

Hanson argues the district court did not have jurisdiction to revoke probation based on the alleged violation because the term of probation which he was found to have violated regarded acts which necessarily had to have been completed prior to his being placed on probation. Alternatively, Hanson argues the district court erred in ruling that Hanson willfully violated probation. The State argues the issue is moot, that the district court correctly ruled Hanson violated a term of probation, and that Hanson willfully violated his probation.

The State's arguments are unavailing. A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991). Even where a question is moot, there are three exceptions to the mootness doctrine: (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest. *State v. Barclay*, 149 Idaho 6, 8, 232 P.3d 327, 329 (2010). Regarding Hanson's probation revocation, the only relief Hanson requested cannot be granted because Hanson has been placed back on probation. However, Hanson still faces the possibility of collateral legal consequences, primarily prevention of having his felony reduced to a misdemeanor pursuant to I.C. § 19-2604(1)(b).[2] As relevant here, I.C. § 19-2604 reads:

> (1)(a) Application for relief under this subsection may be made by the following persons who have pled guilty to or been found guilty of a crime:
> (i) A defendant whose sentence has been suspended or who has received a withheld judgment;

---

[2]     Hanson incorrectly cites to Idaho Code § 19-2406(1)(b).

. . . .

(1)(b) Upon application of the defendant and upon satisfactory showing that:

(i) The court did not find, and the defendant did not admit, in any probation violation proceeding that the defendant violated any of the terms or conditions of any probation that may have been imposed;

. . . .

the court, if convinced by the showing made that there is no longer cause for continuing the period of probation should the defendant be on probation at the time of the application, and that there is good cause for granting the requested relief, may terminate the sentence or set aside the plea of guilty or conviction of the defendant, and finally dismiss the case and discharge the defendant or may amend the judgment of conviction from a term in the custody of the state board of correction to "confinement in a penal facility" for the number of days served prior to sentencing, and the amended judgment may be deemed to be a misdemeanor conviction.

In determining whether the district court abused its discretion in granting relief pursuant to I.C. § 19-2604(1)(b), our appellate courts require strict compliance with the statute and provide great deference to trial courts in declining to grant relief. *See, e.g.*, *State v. Thompson*, 140 Idaho 796, 798-99, 102 P.3d 1115, 1117-18 (2004), *abrogated on other grounds by Verska v. Saint Alphonsus Regional Medical Center*, 151 Idaho 889, 265 P.3d 502 (2011); *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003), *abrogated on other grounds by Verska v. Saint Alphonsus Regional Medical Center*, 151 Idaho 889, 265 P.3d 502 (2011); *State v. Schumacher,* 131 Idaho 484, 487, 959 P.2d 465, 468 (Ct. App. 1998). Because our courts take such a strict approach to application of I.C. § 19-2604(1)(b), there are potential collateral consequences that could result from the order revoking Hanson's probation, even though he has been placed back onto probation. Therefore, the issue is not moot.

A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992). In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the

8

issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The district court found a willful violation of the terms and conditions of Hanson's probation because Hanson tested positive for a controlled substance. This was error for two reasons. First, because Hanson was not on probation when he engaged in the predicate act, his actions were not subject to probationary restrictions. *See State v. Hancock*, 111 Idaho 835, 838, 727 P.2d 1263, 1266 (Ct. App. 1986). Here, the positive urinalysis was a product of actions taken by Hanson prior to being placed on probation. Thus, the predicate act of ingesting a controlled substance, which resulted in the violation, did not occur during the time Hanson was on probation, and therefore he did not violate his probation. Accordingly, the district court did not apply the appropriate legal standard in finding Hanson was on probation when he committed the predicate act.

Second, Hanson's violation was not willful. The applicable legal standard the district court must utilize in determining whether to revoke probation is based upon whether the violation was willful or nonwillful. A defendant's probation may only be revoked if the defendant admits to or the court finds that the defendant willfully violated a condition of probation. Idaho Criminal Rule 33(f); *State v. Garner*, 161 Idaho 708, 711, 390 P.3d 434, 437 (2017). For a defendant to willfully violate probation, the defendant must have a purpose or willingness to commit the violation. *See State v. Johnson*, 74 Idaho 269, 275-76, 261 P.2d 638, 641 (1953). In contrast, a nonwillful violation is one that is beyond the probationer's control. *State v. Leach*, 135 Idaho 525, 529, 20 P.3d 709, 713 (Ct. App. 2001). Because Hanson ingested the controlled substance prior to being on probation, he did not purposefully choose to violate a probationary prohibition. Put another way, while on probation, Hanson did not act purposefully in a way that was contrary to the terms and conditions of his probation. Thus, the district court did not apply the appropriate legal standard in finding Hanson willfully violated his probation.

## III.

## CONCLUSION

The given jury instructions adequately addressed Hanson's mistake of fact defense. Therefore, the district court did not err in declining to provide Hanson's requested jury instruction. Acts committed before probation commences cannot violate the terms and

9

conditions of probation. Therefore, the district court erred in ruling Hanson violated his probation. Alternatively, since Hanson's probation was revoked due to acts he engaged in prior to being placed on probation, Hanson did not purposefully commit a probation violation. Therefore, the district court erred in ruling that Hanson's violation was willful. Accordingly, Hanson's judgment of conviction is affirmed, and the order revoking his probation is reversed.

Judge HUSKEY and Judge LORELLO **CONCUR**.