**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42410**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 22 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 17, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JESSE JAY WEEKS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jesse Jay Weeks appeals from his judgment of conviction for burglary. Weeks alleges the district court did not properly instruct the jury on the elements of theft by disposing of stolen property. Weeks further argues because there was insufficient evidence for a probable cause finding, the district court erred in denying his motion to dismiss the information. Finally, he contends there was insufficient evidence at trial to support the conviction. For the reasons set forth below, we affirm.

## I.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The evidence presented at trial is as follows. Weeks lived part-time in a camp trailer outside a residence where his cousin lived with several roommates. Weeks' cousin testified that his roommates did not know Weeks was living on the premises or that he had access to the residence. Weeks also testified and the following facts were presented to the jury. Weeks went

1

to the residence when none of the residents were home to retrieve laundry he had left in his cousin's room. Weeks was under the influence of prescription drugs, and while he was in the house he found and took an iPad 2 that belonged to one of the roommates. Weeks took the iPad 2 to a pawnshop and first attempted to obtain a loan on the device, but instead sold the iPad 2 to the pawnshop for $185. The owner of the iPad 2 reported the theft, and law enforcement identified Weeks as the person who sold the device to the pawnshop.

Weeks was charged with burglary for entering the pawnshop with the intent to commit the crime of theft by disposing of stolen property.[1] Weeks sought to dismiss this charge at the preliminary hearing on the grounds that he could not be guilty of having stolen the iPad 2 and also guilty of disposing of the stolen property. The magistrate denied the motion and determined there was probable cause to support the burglary charge because Weeks entered the pawnshop with the intent to dispose of the stolen device in order to receive money. Weeks renewed this argument in a motion to dismiss before the district court and argued Idaho Criminal Jury Instruction 547 requires the State to prove the property was stolen by another, not stolen by the accused. The district court denied the motion and a subsequent motion for reconsideration, holding ICJI 547 was inconsistent with Idaho Code § 18-2403(4). The district court denied the motions based on its determination that I.C. § 18-2403(4) does not require a finding that the stolen property be stolen "by another" and that substantial evidence was presented at the preliminary hearing to support a probable cause finding that Weeks committed the burglary. Weeks argued the statute was ambiguous due to the inconsistency with ICJI 547. The district court determined I.C. § 18-2403(4) was unambiguous and that the court need not look at the legislative history of the 2001 amendment that eliminated the "by another" requirement for the disposition of stolen property offense. Over the objection of Weeks, at the conclusion of the trial, the district court provided the jury an instruction consistent with the language of I.C. § 18-2403(4). Weeks appeals the district court's jury instruction and the denial of his motion to dismiss, and challenges the sufficiency of the State's evidence.

---

[1] Prior to trial, this case was joined with the companion case in which Weeks was charged with burglary for entering the residence with the intent to steal the iPad 2. He was found guilty of the included offense of unlawful entry and has not appealed that verdict.

## II.

## ANALYSIS

### A.    The Jury Instruction

Throughout the case and on appeal, Weeks has vigorously argued that he could not be found guilty of burglary by entering the pawnshop with the intent to commit the crime of theft by disposing of stolen property.  This assertion is grounded in an inconsistency between the language of I.C. § 18-2403(4) and ICJI 547.  He argues the district court erred by improperly instructing the jury as to the State's burden to prove he intended to commit the crime of theft by disposing of stolen property.

Whether the jury has been properly instructed is a question of law over which we exercise free review.  *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009).  When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law.  *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information.  I.C. § 19-2132.  In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence."  *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999).  This necessarily includes instructions on the "nature and elements of the crime charged and the essential legal principles applicable to the evidence that has been admitted."  *State v. Gain*, 140 Idaho 170, 172, 90 P.3d 920, 922 (Ct. App. 2004).  Each party is entitled to request the delivery of specific instructions.  However, such instructions will only be given if they are "correct and pertinent."  I.C. § 19-2132.  A proposed instruction is not "correct and pertinent" if it is:  (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) "not supported by the facts of the case."  *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31 (quoting *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982)).  Ordinarily the language employed by the legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated on its use in jury instructions.  *State v. Zichko*, 129 Idaho 259, 264, 923 P.2d 966, 971 (1996).

At issue in this case is a conflict between the language of a pattern jury instruction approved by the Idaho Supreme Court and I.C. § 18-2403(4).  This Court has stated, "[t]he

3

pattern ICJI instructions are presumptively correct. The Idaho Supreme Court approved the pattern jury instructions and has recommended that the trial courts use the instructions unless a different instruction would more adequately, accurately, or clearly state the law." *State v. Reid*, 151 Idaho 80, 85, 253 P.3d 754, 759 (Ct. App. 2011). In the Introduction and General Directions for Use of ICJI, the jury instruction committee, with the approval of the Supreme Court, instructs trial courts that "as the law in any respect becomes more refined or is modified by statute or appellate decision, the ICJI instructions must be modified accordingly." *See generally State v. Miller*, 130 Idaho 550, 552, 944 P.2d 147, 149 (Ct. App. 1997).

In order to be found guilty of burglary, I.C. § 18-1401, the State must prove a person entered "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, vehicle, trailer, airplane or railroad car, with intent to commit any theft or any felony." The State alleged, and the jury was instructed, that the State must prove beyond a reasonable doubt that Weeks entered the pawnshop with the intent to commit the crime of theft by disposing of stolen property. This instruction was consistent with ICJI 511 and I.C. § 18-1401.

Idaho Code § 18-2403(4) provides, in relevant part, "a person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen." A former version of this code section stated "knowing the property to have been stolen by another," however, the words "by another" were eliminated by the Idaho Legislature in 2001. Despite the amendment to the statute, ICJI 547 lists the elements of the crime of theft by possession of stolen property as follows:

> 1. On or about [date]
> 2. in the state of Idaho
> 3. the defendant [name] knowingly [received] [retained] [concealed] [obtained control over] [possessed] [disposed of] [describe property],
> 4. either knowing the *property was stolen by another* or under such circumstances as would reasonably induce the defendant to believe the property was stolen,
> 5. such property was in fact stolen, and
> 6. any of the following occurred:
> (a) the defendant had the intent to deprive the owner permanently of the use or benefit of the property, or

(b) the defendant knowingly used, concealed or abandoned the property in such manner as to deprive the owner permanently of the use or benefit of the property, or

(c) the defendant used, concealed, or abandoned the property knowing that such use, concealment or abandonment would have probably deprived the owner permanently of the use or benefit of the property.

(Emphasis added.)

Here, the district court rejected Weeks' argument that the language of the pattern jury instruction should control over the language of the amended statute, and the jury was instructed as follows:

Instruction No. 19:

A person steals property and commits theft when, with intent to deprive another of property or appropriate the same to the person or to a third party, such person wrongfully takes, obtains, or withholds such property from an owner thereof.

A person also commits theft when such person knowingly received, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and:

    a.    intends to deprive the owner permanently of the use or benefit of the property; or

    b.    knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

    c.    uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

Instruction No. 23:

In order for the Defendant to be guilty of Theft by Disposing of Stolen Property, the state must prove each of the following:

1. On or about December 24, 2012
2. in the state of Idaho
3. the defendant Jesse Jay Weeks knowingly disposed of an iPad 2
4. knowing the property was stolen
5. such property was in fact stolen, and
6. any of the following occurred
    a.    the defendant had the intent to deprive the owner permanently of the use or benefit of the property, or
    b.    the defendant knowingly used, concealed or abandoned the property in such manner as to deprive the owner permanently of the use or benefit of the property, or

c.     the defendant used, concealed, or abandoned the property knowing that such use, concealment, or abandonment would have probably deprived the owner permanently of the use or benefit of the property.

This instruction reflects the current version of I.C. § 18-2403(4) and was a proper statement of the law. The district court properly identified its duty to amend the pattern jury instruction to ensure that the jury was given an instruction consistent with the current state of Idaho law. We find no error in the use of this jury instruction.

**B.     Motion to Dismiss the Information**

The second issue raised on appeal is Weeks' argument regarding his motion to dismiss the information for lack of probable cause as to the elements of burglary. The argument on appeal focuses on the claim that the burglary statute, as it exists in Idaho, is ambiguous as to the term "enter" and Weeks urges this Court to adopt a definition of "enter" that includes an element of unlawfulness and which fails to criminalize entry into a place open for business. In response, the State argues that Weeks did not preserve this issue for appeal because Weeks' arguments both before the magistrate and district court focused on the element of the theft as discussed above. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

While Weeks challenged the probable cause finding both before the magistrate and district court, the only reference to this argument in the record is a statement made during the preliminary hearing where Weeks argues, "burglary is really a (sic) concern with a space. The space could be the privacy of a home, office building, office, closed vehicle, et cetera . . . . And the felony, the entry with intent to commit the felony is centered on that space." In all other motions and arguments before the court, Weeks focused his arguments on the claim that he could not be guilty of burglary because the State could not prove his intent to commit theft by disposing of stolen property because he was the party responsible for the original theft of the iPad 2.

We cannot agree with Weeks' claim that this argument is merely an extension of the theft argument raised with the magistrate and district court because it is a different issue supported with independent sources of legal authority and one that is not so intertwined with the arguments presented such that we could definitively determine that Weeks intended this issue to be addressed by the district court. In the absence of this argument to the district court, we cannot

6

determine that the district court erred in denying Weeks' motion to dismiss for a lack of probable cause.

However, even if the statement raised in the preliminary hearing could be interpreted as preserving this issue on appeal, the Idaho Supreme Court has recently determined that I.C. § 18-1401 shall not be interpreted in the manner suggested by Weeks. *State v. Rawlings*, 159 Idaho 498, 501-02, 363 P.3d 339, 342-43 (2015). In *Rawlings*, the Idaho Supreme Court held:

> In 1887, the territorial legislature enacted a burglary statute that expanded the statute's scope to what is essentially the same as the current statute. It applied to the entry, with the required intent, into "any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car." Rev. Stats. Idaho Terr. § 7014 (1887). Since 1887, Idaho's burglary statute has applied to the entry into a store during business hours to commit a theft, except for about one year. In 1971, the legislature repealed the burglary statute and adopted the Model Penal Code, which excluded from burglary "premises [that] are at the time open to the public." Ch. 143, §§ 1, 5, 1971 Idaho Sess. Laws 630, 688, 730. The following year, the legislature repealed the Model Penal Code and re-enacted the version of burglary that had been repealed in 1971, so that burglary again included entry, with the required intent, into a store. Ch. 336, § 1, 1972 Idaho Sess. Laws 844, 871.

*Rawlings*, 159 Idaho at 502, 363 P.3d at 343. The Idaho Supreme Court has determined that the "enter" element of I.C. § 18-1401 applies to any "entry, with the required intent, into a store" and this decision resolves any question raised by Weeks on this issue. *Rawlings*, 159 Idaho at 502, 363 P.3d at 343.

## C.    Sufficiency of the Evidence

Finally, Weeks challenges his conviction on the basis that there was insufficient evidence to support a conviction for burglary because the State failed to prove beyond a reasonable doubt that he unlawfully entered the pawn shop. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at

1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

There was sufficient evidence for the jury to return a guilty verdict for the burglary offense as charged. We reject Weeks' argument that the State was required to prove that he unlawfully entered the pawnshop pursuant to the *Rawlings* decision addressed above. In addition, Weeks' own testimony supports the jury's determination that he entered the pawnshop with the intent to dispose of the stolen iPad 2, that Weeks knew the iPad 2 was stolen, and he did dispose of the property by selling the stolen device for $185. The jury had substantial and competent evidence to support its determination of guilt for the crime of burglary.

### III.

### CONCLUSION

The district court properly instructed the jury on the applicable definition of theft by disposing of stolen property. Further the Idaho Supreme Court's decision in *Rawlings* has held there is no requirement that one "enter" a commercial business open to the public unlawfully. Moreover, Weeks failed to preserve that issue for appeal. Finally, the conviction is supported by sufficient evidence. Weeks' conviction for burglary is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.