# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44575

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 65 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 1, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| MELISSA HEINER, aka OLIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

---

HUSKEY, Judge

Melissa Heiner, aka Olin, appeals from her judgment of conviction entered upon the jury verdict finding her guilty of possession of methamphetamine. Heiner argues the district court erred when it: (1) denied Heiner's request to instruct the jury on Idaho Code § 18-201(1) and (2) denied Heiner's motion for a new trial. Because other jury instructions adequately addressed the same issue as the instruction requested by Heiner, the district court did not err in denying Heiner's requested jury instruction and did not abuse its discretion in denying Heiner's motion for a new trial. We affirm the district court's judgment of conviction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Police stopped a vehicle with an expired license plate. Heiner was the passenger in the vehicle. The officer made contact with the driver, explained the reason for the stop, and conducted a driver's check on the driver and Heiner. The officer discovered that the driver had a

1

misdemeanor warrant for his arrest, as well as an invalid driver's license. The driver was arrested based on the warrant.

The officer made contact with Heiner and asked her to step out of the vehicle. During the subsequent search of the vehicle, the officer found a purse that Heiner admitted belonged to her. The purse held other small coin purses, two of which contained plastic bags with white residue. One bag tested presumptively positive for methamphetamine and the other did not. When asked about the bag that tested positive for methamphetamine, Heiner explained she thought the white residue was aspirin. Heiner was arrested and charged with possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1).

At trial, Heiner claimed ignorance as her defense. Generally, Heiner testified that she did not have knowledge that methamphetamine was in her purse. Heiner explained there was aspirin in her purse, but she did not notice anything unusual about the container containing the aspirin. Heiner did not recall any other baggie in her purse aside from the aspirin baggie. Heiner explained she never owned any baggies with controlled substances and she had no explanation how a baggie with methamphetamine was in her purse. Defense counsel requested the district court provide a jury instruction with language from I.C. § 18-201(1), which explained a person is incapable of committing a crime if the person committed the act under ignorance or mistake of fact which disproves any criminal intent. The district court declined to give the requested instruction.

The jury found Heiner guilty of possession of methamphetamine. Heiner filed a motion to set aside the verdict and a motion for a new trial, which the district court denied.[1] The district court sentenced Heiner to a unified term of five years, with two years determinate, suspended the sentence, and placed Heiner on probation for a period of four years. Heiner timely appeals.

## II.

## STANDARD OF REVIEW

Whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

---

[1] Heiner does not appeal the denial of her motion to set aside the verdict.

## III.

## ANALYSIS

**A.** **The District Court Did Not Err When It Denied Heiner's Request to Instruct the Jury on I.C. § 18-201(1)**

At trial, Heiner argued she did not know methamphetamine was in her purse. Heiner requested a jury instruction that incorporated the statutory defense of ignorance set forth in I.C. § 18-201(1). The district court denied the additional instruction because it determined that a given instruction--jury instruction 15--adequately explained the legal issue. On appeal, Heiner argues the district court erred when it denied Heiner's request for an I.C. § 18-201(1) jury instruction.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are "material to the determination of the defendant's guilt or innocence." *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request the delivery of specific instructions. *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016). However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *Weeks*, 160 Idaho at 198, 370 P.3d at 401.

The issue in this case is whether the given jury instructions adequately addressed Heiner's defense that she did not know there was methamphetamine in her purse. The statutory basis for a defense based upon ignorance and mistake of fact is I.C. § 18-201, which provides that persons who committed the act or made the omission charged under ignorance or mistake of fact which disproves any criminal intent are not capable of committing crimes. Although the crime of possession of a controlled substance pursuant to I.C. § 37-2732(c) does not expressly require a mental element, I.C. § 18-114 provides that "in every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." The Idaho Supreme Court has explained "that the intent required by I.C. § 18-114 is 'not the intent to commit a crime, but is merely the intent to knowingly perform'" the prohibited act. *State v. Fox*, 124 Idaho 924, 926, 866 P.2d 181, 183 (1993) (quoting *State v. Parish*, 79 Idaho 75, 78, 310 P.2d 1082, 1083 (1957)). "[A]s I.C. § 37-2732(c) does not expressly require any mental element

3

and I.C. § 18-114 only requires a general intent, we conclude that the offense only requires a general intent, that is, the knowledge that one is in possession of the substance." *Fox*, 124 Idaho at 926, 866 P.2d at 183. The requisite knowledge of the presence of a controlled substance may be proven by direct evidence or may be inferred from the circumstances. *State v. Armstrong*, 142 Idaho 62, 65, 122 P.3d 321, 324 (Ct. App. 2005).

The Idaho Supreme Court distinguished *Fox* in *State v. Lamphere*, 130 Idaho 630, 945 P.2d 1 (1997). The defendant in *Fox* claimed he did not know that the substance he possessed was illegal, therein asserting a mistake of law claim rather than a mistake of fact claim. *Fox*, 124 Idaho at 926, 866 P.2d at 183. In contrast, the defendant in *Lamphere* argued he did not know the nature of the residue in the vial he possessed. *Lamphere*, 130 Idaho at 633, 945 P.3d at 4. In its holding in *Lamphere*, the Supreme Court determined that testimony about the controlled substance was admissible because it was relevant to determine whether the defendant had knowledge of the substance. *Id.*

At the time *Fox* and *Lamphere* were decided, the elements of Idaho Criminal Jury Instruction 403 read as follows:

> In order for the defendant to be guilty of Possession of a Controlled Substance, the state must prove each of the following:
> 1. On or about [date]
> 2. in the state of Idaho
> 3. the defendant [name] possessed [name of substance], and
> 4. the defendant knew or should have known it was [name of substance].
>
> If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

As a result of the holding in *Lamphere*, the Supreme Court modified ICJI 403 in 2005 to include an intent element. Idaho Criminal Jury Instruction 403 now reads as follows:

> In order for the defendant to be guilty of Possession of a Controlled Substance, the state must prove each of the following:
> 1. On or about [date]
> 2. in the state of Idaho
> 3. the defendant [name] possessed any amount of [name of substance], and
> 4. the defendant either knew it was [name of substance] or believed it was a controlled substance.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

4

Thus, prior to amending ICJI 403, an instruction stating the statutory language of I.C. § 18-201(1) would have been a relevant instruction because it explained the intent element of the possession elements instruction. However, after the elements instruction was modified to include and clarify the intent element, the district court does not necessarily have to instruct on I.C. § 18-201(1) because the possession of a controlled substance elements instruction now includes the necessary intent element, which the State must prove beyond a reasonable doubt as an element of the crime.

In this case, the district court used the ICJI 403 jury instruction regarding possession of a controlled substance. Jury instruction number 15 stated:

> In order for the defendant to be guilty of Possession of a Controlled Substance, the state must prove each of the following:
> 1. On or about May 18, 2015
> 2. in the state of Idaho
> 3. the defendant Melissa Edna Olin possessed any amount of methamphetamine, and
> 4. the defendant either knew it was methamphetamine or believed it was a controlled substance.
>
> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

In addition, the district court issued jury instruction number 17: "A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it."

Taken as a whole, the given jury instructions at trial adequately covered Heiner's requested I.C. § 18-201(1) jury instruction. The required intent under I.C. § 37-2732(c) is the defendant's knowledge that she is in possession of methamphetamine or a substance she believes to be a controlled substance. Here, the jury was instructed to consider all the evidence presented, which included Heiner's testimony that she thought a powdery white substance in a baggie was aspirin and that she did not recall another baggie or know of any methamphetamine in her purse. In order for the jury to find Heiner guilty, it was necessary for the jury to consider Heiner's testimony regarding her ignorance to determine whether Heiner knowingly possessed methamphetamine. Moreover, the jury had to specifically reject Heiner's ignorance defense in order to find Heiner guilty beyond a reasonable doubt. As such, the given instructions adequately covered the subject of I.C. § 18-201(1), and the district court did not err in declining to give Heiner's requested jury instruction.

5

**B.      The District Court Did Not Err When It Denied Heiner's Motion for a New Trial**

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995).  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason.  *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).  Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review.  *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

According to Heiner, the district court abused its discretion when it denied Heiner's motion for a new trial.  We disagree.  Heiner filed a motion for a new trial based upon the district court's failure to issue Heiner's requested jury instruction.  Citing *State v. McKean*, 159 Idaho 75, 356 P.3d 368 (2015), Heiner asserted that I.C. § 18-201 was the statutory basis for a defense based upon a mistake of fact, such that a defendant's ignorance of the identity of a substance would be a defense to a possession charge.  Heiner's statement of the law was correct.  However, as stated earlier in this opinion, the district court did not err when it denied Heiner's request to instruct the jury on I.C. § 18-201(1) since this requested instruction was adequately covered by other given instructions.  Heiner's motion for a new trial was based exclusively on the denial of Heiner's requested I.C. § 18-201(1) instruction.  Because the district court did not err when it denied Heiner's requested jury instruction, the district court did not abuse its discretion when it denied Heiner's motion for a new trial.

### III.

### CONCLUSION

Because other jury instructions adequately addressed the same issue as the instruction requested by Heiner, the district court did not err in denying Heiner's requested jury instruction and did not abuse its discretion in denying Heiner's motion for a new trial.  We affirm the district court's judgment of conviction.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

6