**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46969**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 9, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ALEXANDER MICHAEL MITCHELL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for grand theft by possession of a stolen financial transaction card, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Alexander Michael Mitchell appeals from his judgment of conviction for grand theft by possession of a stolen financial transaction card. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While working as a restaurant server, Mitchell received a customer's credit card to process payment for the customer's meal. Footage from the restaurant's surveillance system showed Mitchell taking the credit card to a point-of-sale terminal and holding his cell phone between himself and the credit card, apparently photographing the card. Mitchell then processed the customer's payment and returned the credit card. Subsequently, the customer became aware that

1

her credit card had been used to make several unauthorized purchases. Some of the items purchased were shipped under Mitchell's name to an address associated with him.

The State charged Mitchell with grand theft by possession of stolen property (I.C. § 18-2403(4)) for stealing the customer's credit card number. During trial, at the conclusion of the State's case-in-chief, Mitchell moved for a judgment of acquittal, arguing there was insufficient evidence to sustain a guilty verdict. The district court initially reserved ruling on the motion, but ultimately denied it after the jury returned a guilty verdict. Mitchell appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Mitchell challenges the sufficiency of the evidence supporting the jury's guilty verdict. Specifically, Mitchell contends that the State failed to carry its burden of proving beyond a reasonable doubt two elements of the grand theft charge: (1) that the credit card number he possessed was stolen property and (2) that he knew the property had been stolen by another or should have known the property was stolen. The State responds that the evidence of Mitchell photographing or otherwise copying the victim's credit card without permission defeats both of his arguments. We hold that Mitchell has failed to show that there was insufficient evidence to support the jury's guilty verdict.

2

**A.      Stolen Property Element**

Mitchell was charged with violating I.C. § 18-2403(4), which provides, in pertinent part:

> A person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of *stolen property*, knowing the property to have been stolen[1] or under such circumstances as would reasonably induce him to believe that the property was stolen . . . .

(Emphasis added.)  Thus, one of the elements the State was required to prove in order to convict Mitchell of violating I.C. § 18-2403(4) was that the credit card number Mitchell possessed was "stolen property."  The jury was instructed accordingly as part of the elements instruction (Instruction No. 10).  The jury was also instructed on the definition of "stolen property." Instruction No. 15 defined "stolen property" as "property over which control has been obtained by theft."  This definition reflects the statutory definition found in I.C. § 18-2402(10).

Mitchell does not contend that the State failed to present sufficient evidence that he photographed or otherwise copied the victim's credit card number.  Rather, Mitchell contends the State failed to prove that the credit card number he possessed was stolen property because, he argues, "[a]ssuming all the State's evidence to be true, [he] simply took a photograph of a credit card" and the victim continued to possess both her credit card and credit card number when she left the restaurant.[2]  We reject Mitchell's argument that the stolen credit card number was not stolen property for purposes of grand theft.

Determining whether the credit card number Mitchell possessed falls within the definition of stolen property requires consideration of three additional statutory provisions.  First, under I.C. § 18-2407(1)(b)(3), theft of a financial transaction card account number (*e.g.*, a credit card

---

[1]      The grand theft statute previously included the phrase "by another" following the word "stolen."  In 2001, the legislature amended the statute to eliminate that phrase.  Nevertheless, both the charging document and the instructions in this case included the "by another" phrase.  The erroneous inclusion of the "by another" language in this case does not change our conclusion regarding the sufficiency of the evidence on the challenged elements.

[2]      Mitchell concedes that the conduct alleged by the State could constitute a crime.  However, Mitchell suggests that criminal possession of a financial transaction card number under I.C. § 18-3125(1) is the appropriate charge under the alleged facts of this case, not a charge of grand theft by possession of stolen property.  Whether Mitchell could be found guilty under a different statute does not, however, resolve the issue on appeal, which is whether there was sufficient evidence from which the jury could find Mitchell guilty of grand theft as charged in this case.

3

number)[3] constitutes grand theft. Thus, a credit card number is "property" within the context of Idaho's theft statutes. Second, I.C. § 18-2402(5) states that a person "obtains control" over property through conduct such as taking, carrying away, or possessing the property. Finally, I.C. § 18-2403(1) defines "theft" as a person wrongfully taking, obtaining, or withholding property from an owner thereof with the intent to deprive another of the property or to appropriate the same to himself or another. Under the common, ordinary meaning of the words "wrongful" and "take," property is wrongfully taken when a person gets the property into his or her control without legal sanction to do so. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2329 (1986) (defining "take" as "to get into one's . . . control by force or stratagem"); *see also id.* at 2642 (defining "wrongful" as "not rightful in law" or "having no legal sanction"). The statutes identified above are not ambiguous, nor does Mitchell claim otherwise.[4] Accordingly, the credit card number Mitchell possessed was stolen property under I.C. § 18-2402(10) if he obtained control of the number without legal sanction (*i.e.*, the victim's permission) intending to appropriate the number to himself.[5]

Under the statutory scheme outlined above, there was substantial and competent evidence presented at trial to support the jury's finding that the credit card number that Mitchell possessed was stolen property. During trial, the owner of the restaurant testified that the restaurant's surveillance system captured footage of Mitchell holding his cellphone while also handling the victim's credit card and that Mitchell took two times longer than average to process the victim's

---

[3]     Idaho Code Section 18-2407(1)(b)(3) adopts the definition of "financial transaction card account number" found in I.C. § 18-3122. Under I.C. § 18-3122(7), a financial transaction card account number is "the account number assigned by an issuer to a financial transaction card to identify and account for transactions involving that financial transaction card." A credit card is a financial transaction card. I.C. § 18-3122(6). The jury was instructed accordingly in Instruction Nos. 17 and 18.

[4]     Mitchell does not challenge any of the statutory language or related jury instructions underlying the grand theft charge. Thus, we do not need to engage in any analysis of the statutory language itself beyond what is required to determine whether the evidence presented was sufficient to support the jury's verdict in accordance with the jury instructions.

[5]     Mitchell does not expressly challenge the sufficiency of the evidence related to his intent in photographing or otherwise copying the victim's credit card number. Rather, his arguments focus on whether the *act* of photographing a credit card can constitute theft.

4

payment. Additionally, the victim testified that she neither gave Mitchell permission to keep a copy of her credit card number nor to make purchases with it. One of the investigating officers also testified about business records showing purchases made with the victim's credit card number that were shipped under Mitchell's name to an address associated with him. This evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Mitchell photographed or otherwise copied the victim's credit card number intending to appropriate the number to himself without the victim's permission to do so, thereby bringing the number within the definition of stolen property under I.C. § 18-2402(10). Consequently, Mitchell has failed to show that there was insufficient evidence supporting the jury's finding that the credit card number he possessed was stolen property.

**B.      Knowledge Element**

Mitchell also argues that the State presented insufficient evidence to satisfy the knowledge element of possession of stolen property. As noted, a person is guilty of grand theft if he receives, retains, conceals, obtains control over, possesses or disposes of stolen property, "knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen." I.C. § 18-2403(4). The jury was so instructed as part of Instruction No. 10. Specifically, element four of Instruction No. 10 required that Mitchell either knew the number was stolen by another or reasonably should have known the number was stolen.

Mitchell argues that the evidence of knowledge was insufficient because "this element does not apply to the person that actually takes the property." According to Mitchell, "the initial thief either knows the property is stolen or not." Stated differently, Mitchell contends there was insufficient evidence that the credit card number was stolen by another and argues that the initial thief of property cannot possess or receive the stolen property under circumstances that would reasonably induce a belief the property was stolen because the thief will *know* it was stolen. The State concedes that it did not present evidence that Mitchell knew the credit card number was stolen by another, but asserts that "a thief who knows property is stolen necessarily believes that the property was stolen," and the evidence showed Mitchell was such a thief. We conclude there was sufficient evidence to satisfy the knowledge element.

5

A person must only have actual or constructive knowledge that the property at issue is stolen, regardless of the initial thief's identity. *See State v. Weeks*, 160 Idaho 195, 199, 370 P.3d 398, 402 (Ct. App. 2016) (holding the trial court properly amended the pattern instruction for the elements of possession of stolen property, ICJI 547, to eliminate a requirement that defendant knew the property at issue was stolen "by another"). A thief cannot help but possess his or her ill-gotten gains under circumstances that would induce a reasonable belief the property is stolen. *See People v. Price*, 850 N.E.2d 199, 205 (Ill. 2006). Thus, evidence indicating that Mitchell stole the victim's credit card number supports a finding that Mitchell possessed or received the number under circumstances that would induce him to believe the number was stolen.

There was substantial and competent evidence to support the jury's finding that the credit card number was stolen property and that Mitchell had the requisite knowledge of such. Thus, Mitchell has failed to show there was insufficient evidence to support the jury's verdict finding him guilty of grand theft, I.C. § 18-2403(4), as alleged in the second amended information.

## IV.

## CONCLUSION

The jury's findings that Mitchell possessed or received a stolen credit card number and that he did so under circumstances that would induce him to believe the number was stolen are supported by substantial evidence. Therefore, Mitchell's sufficiency of the evidence challenge to the jury's guilty verdict fails. Accordingly, Mitchell's judgment of conviction for grand theft by possession of a stolen financial transaction card is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.