**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52144**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 23, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOHN MICHAEL MUGUIRA, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Judgment of conviction and sentence of twenty-seven and one-half years with ten years determinate for felony driving under the influence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

John Michael Muguira appeals from the judgment of conviction and sentence of twenty-seven and one-half years with ten years determinate for felony driving under the influence. Muguira argues the district court erred in failing to instruct the jury on the defense of necessity. Muguira also contends the district court abused its discretion by imposing an excessive sentence and denying his Idaho Criminal Rule 35 motion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Muguira was involved in an altercation in the parking lot of a bar. Upon arrival, officers encountered multiple people in an intersection outside the bar. A yellow motorcycle was laying in the middle of the road and Muguira was attempting to stand it up. An officer noticed the strong odor of alcohol emanating from Muguira, his slurred speech, and unsteadiness on his feet. Muguira

1

also had road rash, consistent with a motorcycle accident. Muguira acknowledged to officers that he tried to drive out of the parking lot and crashed the motorcycle in the intersection. Muguira failed field sobriety tests and registered a breath alcohol level of 0.158, refusing a second breath test. After booking into the jail, Muguira made several recorded phone calls in which he acknowledged that he tried to leave the area on the motorcycle and wrecked.

The State charged Muguira with the crimes of felony driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005; two counts of misdemeanor battery, I.C. § 18-903; and misdemeanor malicious injury to property, I.C. § 18-7001(1). Muguira was also alleged to be a persistent violator, I.C. § 19-2514. During trial, Muguira requested an instruction on the defense of necessity. Muguira argued the necessity instruction was warranted because there was evidence there was a fight, he was fleeing his attackers, and he could take no other action than drive away on the motorcycle. The State argued there was no reasonable view of the evidence that would support a necessity instruction. The district court found the evidence was insufficient to warrant giving the necessity instruction.

After trial, the jury acquitted Muguira on the battery and malicious injury to property charges but could not reach a verdict on the DUI charge. Upon retrial, the jury convicted Muguira of felony DUI. Muguira admitted to the felony enhancement and being a persistent violator. The district court sentenced Muguira to a unified term of twenty-seven and one-half years with ten years determinate. Muguira filed an I.C.R. 35 motion, which the district court denied. Muguira appeals.

## II.

## STANDARD OF REVIEW

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

2

## III.

## ANALYSIS

Muguira argues the district court erred in failing to instruct the jury on the defense of necessity. Muguira also contends the district court abused its discretion by imposing an excessive sentence and denying his I.C.R. 35 motion.

## A.    Necessity Instruction

Muguira claims his right to present a complete defense under the Sixth Amendment to the United States Constitution was violated when the district court failed to give a necessity instruction to the jury.

A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information. I.C. § 19-2132; *Severson*, 147 Idaho at 710, 215 P.3d at 430. In other words, a trial court must deliver instructions on the rules of law that are material to the determination of the defendant's guilt or innocence. *State v. Mack*, 132 Idaho 480, 483, 974 P.2d 1109, 1112 (Ct. App. 1999). Each party is entitled to request specific instructions. *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016). However, such instructions will only be given if they are "correct and pertinent." I.C. § 19-2132. A proposed instruction is not "correct and pertinent" if it is: (1) an erroneous statement of the law; (2) adequately covered by the other instructions; or (3) not supported by the facts of the case. *Severson*, 147 Idaho at 710-11, 215 P.3d at 430-31; *State v. Weeks*, 160 Idaho 195, 198, 370 P.3d 398, 401 (Ct. App. 2016).

There is no entitlement to a jury instruction on a legal theory of defense when no reasonable view of the evidence supports the elements of the instruction. *State v. Howley*, 128 Idaho 874, 878, 920 P.2d 391, 395 (1996). If the requested instruction is not supported by the evidence, the trial court must reject the requested instruction. *Id.* The question of whether there is a reasonable view of the evidence that supports an instruction to the jury on the necessity defense is a matter of discretion for the district court. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The defense of necessity is based on the premise that a person who is "compelled to commit an illegal act in order to prevent a greater harm should not be punished for that act." *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). "The elements of the defense are: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided." *State v. Young*, 157 Idaho 280, 285, 335 P.3d 620, 625 (Ct. App. 2014). Because the defense of necessity is an affirmative defense, the defendant bears the burden of production to make a prima facie showing the defense is supported by the evidence, though the State bears the ultimate burden of proof as to the crime charged. *State v. Chisholm*, 126 Idaho 319, 321, 882 P.2d 974, 976 (Ct. App. 1994).

The district court addressed the four elements of the necessity defense and found that Muguira had failed to present evidence to establish the second and third elements. Specifically, the district court determined Muguira failed to show he did not bring about the circumstances that created the threat of harm, and failed to show he could not have prevented the threatened harm by less offensive alternatives.

As to the second element, Muguira argues there was at least some evidence that he was attacked and did not bring about the threat. Muguira points to evidence that he told the officers there was a fight, individuals were attacking him, he was in rightful possession of the motorcycle, and officers saw a man trying to pull the motorcycle from Muguira. Muguira suggests the district court may have been relying on evidence from the first trial which included that Muguira started the fight with an individual he hired to repair a different motorcycle, broke the individual's car window, and punched him in the face. There is, however, nothing in the record indicating the district court relied on those facts.

The State notes that, while there was evidence of a fight in the first trial, the only evidence of a fight in the second trial was the reason officers were called to the scene. While bodycam footage indicates that Muguira said people were attacking him, there is no evidence in the record as to who started the altercation. Muguira points to an individual trying to grab the motorcycle and prevent him from standing it up, but that evidence has nothing to do with who brought about the circumstances that created the threat. Muguira had the burden to put forth evidence establishing a prima facie case, including that he did not create the circumstances causing him to

4

drive the motorcycle while under the influence of alcohol. We agree with the district court that he failed to do so.

As to the third element, that Muguira could not have escaped the situation by less offensive means, Muguira points to evidence that he tried to leave on the motorcycle and even after the fact an individual was pulling on the motorcycle so Muguira could not stand it up. However, there is no evidence that even addresses that Muguira could have escaped by less offensive means. There is no evidence that Muguira could only have avoided the threat by driving away. The district court did not abuse its discretion in determining that no reasonable view of the evidence supports a prima facie showing on each element of the necessity defense.

**B.     Sentence**

Muguira contends the district court abused its discretion by imposing an excessive sentence. Muguira argues the district court failed to adequately consider the mitigating factors of his desire for and efforts at sobriety and the support of his family and friends.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**C.     Idaho Criminal Rule 35**

Muguira contends the district court abused its discretion in denying his I.C.R. 35 motion for leniency. Muguira argues the district court failed to adequately consider his family support and his desire to become eligible for work camp so he could support his mother.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or

additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Upon review of the record, including any new information submitted with Muguira's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

## IV.
## CONCLUSION

Muguira fails to demonstrate that the district court erred in refusing to instruct the jury on the necessity defense. The district court did not abuse its discretion in sentencing or in denying Muguira's I.C.R. 35 motion. Therefore, Muguira's judgment of conviction and sentence and the district court's order denying Muguira's I.C.R. 35 motion are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.